UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES,  : | |
|     Prosecution  : | |
| : | Case No. 3:11-cr-133 (VLB) |
| v.  : | |
| : | January 9, 2012 |
| Kevin Mills,  : | |
|     Defendant  : | |

### ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION

On January 2, 2012, the Defendant Kevin Mills filed a Motion in Limine to Preclude the Second Firearm.  [Dkt. 64].  In his motion, Mr. Mills sought to preclude the government from introducing evidence of an M12 Cobray .380 caliber ACP with magazine found in the back passenger seat from trial.  The Government responded to the Defendant's motion on January 4, 2012.  [Dkt. 72].  The Court granted the defendant's motion on January 5, 2012.  [Dkt. 74].  On January 6, 2012, the Government filed a Motion for Reconsideration of the Court's January 5 ruling.  [Dkt. 75].  For the reasons stated below, the Government's Motion for Reconsideration is Denied.

Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules expressly provide for reconsiderations.  Nonetheless, it is permissible to file reconsideration motions in criminal cases.  *See, United States v. Clark*, 984 F.2d 31 (2d Cir. 1993), *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D.Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007), *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

1

The courts have held that motions for reconsideration are governed by the standard applicable to the equivalent civil filing.  *See, Clark* at 34 (finding that a motion for reconsideration "should be subject to the same time limitations as reconsideration motions in civil cases.").  *See also, United States v. Delvi*, No. S1201 Cr. 74, 2004 WL 235211 (S.D.N. Y. Feb. 6, 2004) (applying the local civil rule to deny defendant's motion for reconsideration because it simply reiterated facts and arguments already considered and rejected by the court); *United States v. Greenfield*, No. 01 Cr. 401, 2001 WL 1230538, at *1 (S.D.N.Y. Oct. 16, 2001) (applying the local rule standard);  *United States v. Kurtz*, No. 98 Cr. 733, 1999 WL 349374, at *6 (S.D.N.Y. May 28, 1999) ("A motion to reconsider will not be granted unless the movant demonstrates that the court has overlooked controlling law or material facts.").

Local Rule 7(c) provides that "[m]otions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision order."  Similarly, the Federal Rules of Civil Procedure provide grounds for relief from a judgment or order.  Rule 60(b) provides that a:

> [C]ourt may relieve a party . . . from a final judgment, order, or proceedings for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]

2

. . .
(6) any other reason that justifies relief.

It has been established that motions to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir. 1995).  See also, *United States v. Bloch*, 794 F.Supp.2d 15 (2011) (denying defendant's motion for reconsideration applying the Federal Rules of Civil Procedure and holding that a motion for reconsideration is not a vehicle to present evidence which was available but not offered at the original motion) (internal citations omitted).  Nonetheless, the motion is to the sound discretion of the court.  See *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981).

In the instant matter, the Government seeks reconsideration of this Court's granting of the Defendant's Motion in Limine to Preclude Second Firearm. [Dkt. 64, 74, and 75].  The Government's Motion does not contend that the Court overlooked any matter or authority.  Instead, it raises new facts and arguments which the Government could but did not raise in its original motion.  Furthermore, the Motion does not set forth any authority which it believes the Court may have overlooked in granting the Defendant's Motion in Limine.  It does not comply with either the Local or Federal Rules.  Thus, although the motion was timely filed, it does not set forth a memorandum that does more than seek to relitigate the issue determined by the Court.

For the foregoing reasons, the Government's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut:  January 9, 2012.